## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **VAL KING & LACY KING** | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **CIVIL ACTION NO.1:14-CV-00740** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS TRUSTEE, IN TRUST FOR** | § | |
| **REGISTERED HOLDERS OF MORGAN** | § | |
| **STANLEY ABS CAPITAL I TRUST 2004-** | § | |
| **HE6, MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2004-HE6;** | § | |
| **ACCREDITED HOME LENDERS, INC.;** | § | |
| **MCCARTHY, HOLTHUS &** | § | |
| **ACKERMAN, LLP; MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION SYSTEMS,** | § | |
| **INC (MERS); THOMAS E. BLACK; SELECT** | § | |
| **PORTFOLIO SERVICING, INC** | § | |
| *Defendants.* | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VAL KING and LACY KING, Plaintiffs and bring this suit and complain of Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2004-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-HE6, ACCREDITED HOME LENDERS, INC., MCCARTHY HOLTHUS & ACKERMAN, LLP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; THOMAS E. BLACK, SELECT PORTFOLIO SERVICING, INC. and for cause of action will show the court the following:

## I. DISCOVERY LEVEL

1.     Plaintiffs intend to conduct discovery under pursuant to Federal Rules of Civil Procedure Rules 26 through 37.

*First Amended Complaint*
*Page 1 of 23*

## II. PARTIES

2.      Plaintiffs **VAL KING and LACY KING** (hereinafter "Plaintiffs") are individuals residing in Hays County, Texas.  At all times relevant herein, Plaintiffs are both over the age of eighteen and are residents of the City of Kyle, County of Hays, State of Texas.

3.      Defendant, **Deutsche Bank National Trust Company, As Trustee, In Trust for Registered Holders of Morgan Stanley ABS Capital I Trust 2004-HE6, Mortgage Pass-Through Certificates, Series 2004-HE6** (hereinafter "Deutsche"), is a national association.  Its registered agent is **CT Corporation System** and its registered office address is **c/o CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234**.

4.      Defendant, **Select Portfolio Servicing, Inc.** (hereinafter "Select"), is a foreign For-Profit corporation.  Its registered agent is **Corporation Service Company** and its registered office address is **211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**.

5.      Defendant **Accredited Home Lender, Inc.** (hereinafter "AHL") is a Business Entity, not currently authorized to do business in the State of Texas.  Therefore, since AHL is an unregistered entity doing business in Texas proper service of process shall be proper upon to the Texas Secretary of State pursuant to the Texas Civ. Prac. R. C. §17.044(a)(1).  Upon information and belief, and as specified by Defendant AHL last known address is **9915 Mira Mesa Blvd, Suite 120, San Diego, California.**.

6.      Defendant, **McCarthy, Holthus & Ackerman, LLP** (hereinafter "McCarthy"), is a Texas limited liability partnership. It has failed to designate a registered agent with the Texas Secretary of State but service on its managing partner **Kevin McCarthy** is appropriate, its registered office address is **1255 West 15th Street, Suite 1060, Plano, TX 75075.**

7.      Defendant, **Mortgage Electronic Registration Systems, Inc** (hereinafter "MERS"), is a foreign company NOT registered to do business in the state of Texas.  Defendant MERS is an unregistered business entity in the state of Texas, therefore service of process upon to the Texas Secretary of State is appropriate based upon the Texas Civ. Prac. R. C. §17.044(a)(1).   Upon information and belief, and as specified by Defendant MERS its last known address is **1515 Library Street, Suite 300, Reston, Virginia 20190,** with service being perfected on its general counsel **Sharon McGann Horstkamp.**

8.      Defendant, **Thomas E. Black** (hereafter "Black") is an individual appointed as trustee whom can be served with process at **132 West Main Street, Lewisville, Texas 75057.**

### III. <u>VENUE AND JURISIDICITON</u>

9.      Despite the fact that this matter has been removed venue in the state District Court of  Hays County, Texas is proper in this cause under §15.002 and/or §15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to our claims occurred in this county, or this action involves real property as provided by §15.011, and this county is where the real property is located. Jurisdiction is proper because the amounts in controversy exceed the minimum jurisdictional limits of this Court, because Defendants do conduct business in this State, and because the events giving rise to this suit arose out of the business conducted by Defendants in this State.

### IV. <u>FACTS</u>

10.     The Plaintiffs, purchased and later refinanced **520 Thicket Lane, Kyle, Texas 78640** (the "Subject Property") on March 22, 2004, which is more formally described as;

> LOT 20, BLOCK K, TRAILS SUBDIVISION PHASE IIA, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 9, PAGE 141, PLAT RECORDS OF HAYS COUNTY, TEXAS.

11.     Plaintiffs entered into a loan repayment and security agreements on or about, March 22, 2004 with Defendant AHL.  The loan allegedly required Plaintiffs to repay a loan of $135,000.00 to AHL, respectively (see **Exhibit A** the "Note" and **Exhibit B** the "Deed of Trust" attached hereto). The feature of the mortgage was structured using a 30-year adjustable rate note loan program with payments being $897.26 and with a mortgage interest rate was set at 5.99% until the first change date which at that time will be no greater than 8.490% or less than 6.990%. The loans were purportedly secured by the Subject Property.

12.     Each subsequent Defendant who has participated in, been assigned or been transferred rights, or holds a position or interest under this loan agreement, including DEUTSCHE, AHL, McCarthy, MERS, Select, Black and UNKNOWN DEFENDANTS failed to perform their due diligence in investigating the legal requirements that this loan should have been processed within therefore failing to act in good faith.  As a result, Defendants now hold an interest in a loan that was improperly handled from its inception.

13.     The terms of the finance transaction with Defendant DEUTSCHE are not clear or conspicuous, nor consistent, and are illegal, and include, for example, extremely high fees and costs to originate the loan and the immediate lack of equity that Plaintiffs received.  Further, Plaintiffs was not in a position to qualify for the loan based upon his financial condition. Plaintiffs were given a loan that was inappropriate under his circumstances.  The loan was more expensive in terms of fees, charges and or interest rates than alternative financing for which Plaintiffs could have qualified.

14.     It is believed that shortly after closing; Defendants DEUTSCHE, AHL, McCarthy, MERS, and Black pooled the Note with others and sold mortgage-backed securities. Defendant Select is now acting as the "Servicer" and attempting to foreclosure without the

apparent power to do so because the Deed of Trust and the power of foreclosure were never transferred (see **Exhibit B**) to Defendant DEUTSCHE or Defendant Select.  Further, pursuant to a Hays County deed records search, it appears that there is not an assignment of the trustee either (any notice of substitute trustee assignment), which constitutes a violation of Texas Local Government Code §192.007.

15.     Defendants, and each of them, neither explained the workings of the entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor the inherent volatility of the loan product(s) provided by Defendants.

16.     Plaintiffs are  informed and believe and therefore allege that Defendants breached their fiduciary duty to Plaintiffs because they knew or should have known that the Plaintiffs will or had a strong likelihood of defaulting on this loan, they have a fiduciary duty to the borrower to not place them in that loan (in harm's way).

17.     Plaintiffs are informed and believe and therefore allege that it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiffs. It led to a maximization of profits for the Defendants, with no concern for the Plaintiffs financial position or livelihood.

18.     Thereafter Defendant DEUTSCHE's attorneys initiated a foreclosure sale to be held on Tuesday July 1, 2014 (See **Exhibit C).**

19.     Defendant DEUTSCHE did not have standing to proceed a fact based on numerous false documentation including **Exhibit D** used by Defendants AHL which is not signed or notarized by the parties. Plaintiffs are affirming the facts in this petition (see **Exhibit E, Verification of Facts**).

20.     During the course of discovery, Plaintiffs hired an expert private investigator named Joseph R. Esquivel Jr. who researched both the Morgan Stanley ABS Capital I Inc. Trust 2004-HE6 (hereinafter "MSAC-2004-HE6"), which has a Closing Date of August 25, 2004[1] with Prospectus Supplement[2] as well as the Remittance Report[3] for the Trust and the chain of title to the Subject Property. Mr. Esquivel has then given the Plaintiffs a signed affidavit[4] and report[5] of his research that supports the Plaintiffs' claims below.  Plaintiffs immediately upon receipt of the report forwarded a copy of same to Defendants counsel via discovery responses and included the documentation into the Production.

21.     It was also revealed through discovery that Defendant SPS now is claiming to be the servicer and holder of the note. It is feared Defendant SPS will act outside of this litigation against the Plaintiffs and should be brought into this action to resolve all issues to the Subject Property.

22.     Plaintiffs allege that an actual controversy has arisen and now exists between Plaintiffs and Defendants and each of them. Plaintiffs desire a judicial determination of the rights of Plaintiffs with regard to Plaintiffs' Subject Property and the Promissory Note and Security Instrument herein.

## V. SUMMARY OF THE ARGUMENTS

23.     **DOES AN OBLIGATION EXIST**:  "In any foreclosure suit, the Plaintiffs must establish the existence of a valid obligation owing to him by the defendant because foreclosure is

---

[1] See **Exhibit F-1**
[2] See **Exhibit F-2**
[3] See **Exhibit F-3**
[4] See **Exhibit G-1**
[5] See **Exhibit G-2**

merely a method of assuring payment of the Plaintiffs' claim."[6]   Here the original Note was in the name of Defendant AHL, and the Deed of Trust is assumed to be the same including Defendant Black.  No allegations whatsoever appear in the foreclosure notices that any specific party is the holder of the Note, therefore who can provide accountings and offsets, and who can speak to whether there is a valid obligation.

24.   **A HOLDER OF THE NOTE HAS PRIMA FASCIA PROOF**: "the holder of a negotiable note is presumed to be a good-faith purchaser for value and without notice, and that his right to judgment for the debt evidenced by the note is not affected by the undisclosed equities between prior parties; but this rule of commercial law prevails for the purpose of facilitating the transfer of negotiable paper **and applies only to the maker's personal obligation to pay the debt.  It does not govern the right to enforce the lien**"[7]   Here the Defendants have not even alleged that they are the holder of the note rather just assignees and nominees.  If the Defendants cannot even allege in their foreclosure documents that they are the Note holder, they do not have the right or power to enforce the lien "…because there was no evidence in the record showing an assignment or conveyance from the record owner of property to the appellant mortgage servicing entity, nothing showed that the appellant owned the property or had a superior right of possession to it."[8]

25.   If the Defendants DEUTSCHE, Select and MERS cannot prove that they have the Note they cannot prove that they have the power to enforce the lien (via the Deed of Trust)

---

[6] *Gibson v. Bostick Roofing & Sheet Metal* 148 S.W.3d 482, citing *Hagan v. Anderson*, 506 S.W.2d 298, 302 (Tex.Civ.App. --San Antonio 1973, writ ref'd n.r.e.)
[7] W.W. Anglin et al v Cisco Mortgage Loan Company 135 Tex. 188; 141 S.W.2d 935; 1940 citing *Wood v Sparks* 59 S.W. (2d) 361
[8] *Mortgage Elec. Registration Sys. v. Young*, No. 2-08-088-CV, 2009 Tex. App. LEXIS 3937, 2009 WL 1564994, at *4B5 (Tex. App.--Fort Worth June 4, 2009, no pet.)

placed against the Property therefore this foreclosure action is clearly wrongful and should be enjoined.

## VI. CAUSES OF ACTION

## A. DECLARATORY RELIEF

26.     An actual controversy has arisen and now exists between Plaintiffs and Defendants regarding the respective rights and duties, in that Plaintiffs contends that Defendants do not have the right to go forward with the writ on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law based on the state recording laws, therefore the purported power of sale by Defendants no longer applied and is not effective, and as such the power to foreclose does not exist at present.

27.     Plaintiffs request this Court pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 *et seq* declare the rights, status, and other legal relations as between them and Defendants associated with the Subject Property and specifically the cloud on title which exists as to the Deed of Trust.

## B. ACTION FOR TRESPASS TO TRY TITLE
## AND TO REMOVE CLOUD AND QUIET TITLE

28.     Pursuant to Tex. P. Code §§ 22.001 and under the common law and in equity, for trespass to try title and to remove cloud on title.  Plaintiffs will show that Plaintiffs are the lawful owners of the Subject Property, and that, upon information and belief, the purchase by DEUTSCHE asserted an invalid interest in and to the Subject Property which no person or entity could lawfully acquire or lawfully convey.

## C. ADDITIONAL CLAIMS

29.     **Breach of Contract:** The Texas Constitution outlines a contract clause stating

"No bill of attainder ... or any law impairing the obligation of contracts shall be made." Tex. Const. art. I, § 16. Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.)) *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 442 (Tex.App.-Houston [14th Dist.] 2004, no pet.) Defendants, each of them, have breached the agreement with Plaintiffs. The Plaintiffs have a valid contract with Defendants AHL and Black. Furthermore, Plaintiffs has yet to be able to confirm whether Defendant DEUTSCHE and/ or Defendants Select are actually the holder in due course and entitled to payment of loan proceeds or to have foreclosed on the Subject Property. Plaintiffs are the proper party to sue to defend the contract. Plaintiffs have substantially performed under the original Note and Deed of Trust. The Defendants, each of them, by setting this matter for foreclosure, conducting foreclosure and pushing for the writ of possession have breached the contracts. Defendant Black was Trustee and thus in privity to the contract. Defendant Black failed to record any assignment or transfer of the mortgage in the Hays County Public Records in violation of Texas Local Government Code §192.007(a). Defendant Black additionally failed to record any notice of substitute trustee assignment, and because Texas Local Government Code §192.007(a) stipulates that "[t]o release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded." Defendants AHL further used documents, such as **Exhibit D**, not signed or notarized by the parties. Defendants AHL and Black have breached the contracts and has caused Plaintiffs

damage. The breach has caused Plaintiffs damages.

30.     **Breach of Duty:** Under Texas law, a trustee under a deed of trust breaches its duty of absolute impartiality and fairness when the trustee fails to comply strictly with the terms of the deed of trust or statutory notice and sale provisions for foreclosure. *Marsh v. Wells Fargo Bank, N.A.,* N.D.Tex.2011, 760 F.Supp.2d 701. As Trustee Defendant Black is a party of interest and by failing to record the appropriate filings Defendant Black, under Texas law, <u>breached their duty of absolute impartiality and fairness and breached the common-law duty of good faith and fair dealing, giving rise to violations of Deceptive Trade Practices-Consumer Protection Act (DTPA) and causing the Plaintiffs harm.</u> *Tucker v. State Farm Fire and Cas. Co.*, S.D.Tex.1997, 981 F.Supp. 461; Tex. Prop. Code Ann. § 51.002.

31.     **Negligent Misrepresentation:** The Texas Supreme Court has already adopted the tort of negligent misrepresentation as described by the restatement (Second) of Torts § 552. *See Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991). In *Sloane,* the Court endorsed section 552 to define the scope of a lender's duty to avoid negligent misrepresentations to prospective borrowers. Section 552(1) provides:

> One who, in the course of his business, profession or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Courts applying Texas law have recognized a section 552 cause of action against other professionals as well. *See, e.g., Steiner v. Southmark Corp.,* 734 F.Supp. 269, 279–80 (N.D.Tex.1990) (auditor); *Smith v. Sneed,* 938 S.W.2d 181, 185 (Tex.App.—Austin 1997, no writ) (physician); *Hagans v. Woodruff,* 830 S.W.2d 732, 736 (Tex.App.—Houston 1992, no writ) (real-estate broker); *Lutheran Bhd. v. Kidder Peabody & Co.,* 829 S.W.2d 300, 309 (Tex.App.—

Texarkana 1992, writ granted w.r.m.) (securities placement agent); *Blue Bell v. Peat, Marwick, Mitchell & Co.,* 715 S.W.2d 408, 411–12 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (accountant); *Cook Consultants, Inc. v. Larson,* 700 S.W.2d 231, 234 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (surveyor); *Great Am. Mortgage Investors v. Louisville Title Ins. Co.,* 597 S.W.2d 425, 429–30 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.) (title insurer); *Shatterproof Glass Corp. v. James,* 466 S.W.2d 873, 880 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.) (accountant).

32.     The elements of negligent misrepresentation are: (1) the representation was made by a defendant in the course of his business, profession or employment, or a transaction in which he has a pecuniary interest; (2) the defendant supplied 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Federal Land Bank Association of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991); *Williams v. City of Midland,* 932 S.W.2d 679, 684 (Tex.App.-El Paso 1996, no writ); *Papas Telecasting Companies v. Lee Enterprises, Inc.,* 08-00-00394-CV, 2002 WL 59693 (Tex. App. Jan. 17, 2002).

33.     Defendants have relied upon falsified information and documents that have never been signed and notarized[9] by the Plaintiffs and further by Defendants misrepresenting to Plaintiffs that a modification would be possible but full well knowing that one would not be, Defendants DEUTSCHE, AHL, RC, MERS, and McCarthy negligently and possibly purposely misrepresented facts to Plaintiffs which caused them harm.

34.     **Tortious Interference with Existing Contract:**   The elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) the

---

[9] See **Exhibit D**

occurrence of an act of interference that was willful and intentional; (3) the act was a proximate cause of the claimant's damage; and (4) actual damage or loss occurred. *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 856-57 (Tex. App. 2001). Defendants, MERS, Deutsche, Select and McCarthy by willingly and intentionally attempting to go forward with a wrongful foreclosure without having the requisite and appropriate filings is a wrongful and tortious action which interfere with Plaintiffs' existing contract with Defendants AHL and Black's contract causing actual harm to the Plaintiffs by losing their home.

35.    **Statutory Fraud/Fraud in Real Estate/Common Law Fraud:** Defendants Deutsche, Select and McCarthy by representing to Plaintiffs that it Plaintiffs that it had the power to foreclose and that it was the holder in due course of the Note and entitled to actual payment caused Plaintiffs harm and is fraud. There is no attorney immunity for fraud. *See Poole v. H. & T. C. R. Co., 58 Tex. 134, 137-38 (1882)* (holding that **attorney who fraudulently diverted goods** to evade lawful seizure by creditor "**will not be heard to deny his liability** to appellant for the loss sustained by reason of his wrongful acts, under the privileges of an attorney at law, for **such acts are entirely foreign to the duties of an attorney**; **neither will he be permitted**, under such circumstances**, to shield himself from liability on the ground that he was the agent** of [his client], for no one is justified on that ground in knowingly committing willful and premeditated frauds for another"). See also *Essex Crane Rental Corp. v. Carter,* 2012 Tex. App. LEXIS 2512 (Tex. App.—Houston [1st] 2012) (March 29, 2012) (quoting same). As shown above, Defendant Deutsche violated Tex. Bus. & Com. Code Ann. § 27.01(a)(2) as they made numerous material false promises with the intention not to fulfill and made with purpose to induce the Plaintiffs to agree to a possible Loan Modification and was relied on by the Plaintiffs to their detriment. Further the statute states:

(b) A person who makes a false representation or false promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for actual damages.

(c) A person who makes a false representation or false promise with actual awareness of the falsity thereof commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

(d) A person who (1) has actual awareness of the falsity of a representation or promise made by another person and (2) fails to disclose the falsity of the representation or promise to the person defrauded, and (3) benefits from the false representation or promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[10]

Defendants DEUTSCHE, Select and McCarthy by representing to Plaintiffs that it Plaintiffs that it had the power to foreclose and that it was the holder in due course of the Note and entitled to actual payment caused Plaintiffs harm and is fraud.

36.     Texas has established the elements of statutory fraud as (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011); *Italian Cowboy Partners v. Prudential Ins.,* 341 S.W.3d 323, 337 (Tex.2011);*See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). Further it is believed Defendant McCarthy is guilty of common-law fraud as they made representations to the Plaintiffs that DEUTSCHE had proper standing to foreclose as well as representations they were acting in the office of an attorney. However it is clear that these representations were false as DEUTSCHE does not have proper standing due to the lack of sufficient filings among the additional reasons

---

[10] Tex. Bus. & Com. Code Ann. § 27.01

listed in this petition and Defendant McCarthy is clearly operating outside the realm of litigation and in an effort as a debt collector. Defendant McCarthy, in fact, repeatedly states that it is acting not as attorneys, but as mere "debt collectors."[11]   These representations were made to the Plaintiffs when Defendant McCarthy knew the representation were false and with an intent to have the Plaintiffs rely and act on these material misrepresentations which now have caused Plaintiffs injury and harm as they stand to lose their home.

37.      Defendant McCarthy is not being sued for representing a client in litigation, so the immunity does not arise.    "An attorney's protection from liability arising out of his representation of a client has limits. An attorney's immunity from such suits is 'qualified' in that an attorney may be liable to a third party despite the absence of legal privity or independent duty."[12]   As McCarthy's conduct is both fraud and it arises outside of litigation, it does not enjoy attorney immunity.   The Texas FDPCA and states "Third-party debt collector" means a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who:(A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts. Tex. Fin. Code Ann. § 392.001. Plaintiffs believe that nonattorney employees for Defendant McCarthy have been the source of contact via letters and phone calls to collect the debt and wish the opportunity to conduct discovery to obtain the documentation to support this claim.

38.      Furthermore,  Texas has established the elements of common-law fraud as (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was

---

[11] The McCarthy's letter seen as **Exhibit C**  states,  "**THIS LAW FIRM IS DEEMED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**
[12] *Finserv Casualty Corp. v. Settlement Funding, LLC,* 724 F. Supp. 2d 662, 672 citing Alpert, 178 S.W. 3d at 406.

false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011); *Italian Cowboy Partners v. Prudential Ins.,* 341 S.W.3d 323, 337 (Tex.2011);*See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). Defendants DEUTSCHE, AHL, McCarthy and SPS by making these same false material misrepresentations with apparent reckless of the any knowledge of the truth and with the intent that the Plaintiff act or be induced to act in reliance of these false material misrepresentations have caused the Plaintiff severe harm in terms of anguish, costs including attorney fees and could result in the loss of her home are guilty of common law fraud.

39.     Assignments of the King Deed of Trust must be accompanied by parallel endorsements of the King Note for the King Mortgage Loan to remain secured by the King Property. No evidence is available to evidence negotiations of the King Note to multiple classes of the MSAC-2004-HE6 Trust. This would have required indorsements and proper negotiations of the King Note from Defendant AHL to multiple classes of the MSAC-2004-HE6 Trust, including any intervening claims of ownership. Of course for the King Mortgage Loan to remain a secured loan, there would have been assignments and transfers of the beneficial interest of the King Deed of Trust, concurrent to negotiations of the King Note and those transfers of the King Deed of Trust would have to be entered into the Official Records of the Hays County Clerk's Office. Importantly, mere presentment of the King Note (even if shown to be the original), is not in itself proof of an equitable transfer of the King Mortgage Loan along with its Security

Instrument. This demonstration of possession may be sufficient to enforce the King Note, but carries no indicia of ownership or intent to transfer the King Mortgage Loan. The Uniform Commercial Code ("UCC") consecrates a preference in commercial transactions for simple possession of indorsed instruments over proof of actual ownership, an exception in the law that was intended to foster free trade of commercial paper.

40.     For all parts of the King Mortgage Loan as a whole to have been transferred into the MSAC-2004-HE6 Trust there is a chain of entities through which the King Deed of Trust must be assigned and the King Note must be indorsed. This chain of transfer, as described to be required in the MSAC-2004-HE6 Trust PSA, is to have begun with a recorded assignment of the King Deed of Trust and an indorsement of the King Note from the Original Lender (Accredited Home Lenders Inc.) to the Depositor (Morgan Stanley ABS Capital I Inc.). After the Depositor (Morgan Stanley ABS Capital I Inc.) had taken complete ownership, a recorded assignment of the King Deed of Trust and an indorsement of the King Note from the Depositor (Morgan Stanley ABS Capital I Inc.) to the Trustee (Deutsche Bank National Trust Co.) were next to have occurred. Finally, once the Trustee (Deutsche Bank National Trust Co.) had taken complete ownership, a recorded assignment of the King Deed of Trust and an indorsement of the King Note from the Trustee (Deutsche Bank National Trust Co.) to the Morgan Stanley ABS Capital I Inc. Trust 2004-HE6 Trust (hereinafter "MSAC-2004-HE6") were to have occurred. Moreover, these assignments were to all be recorded in the Official Records of the Hays County Clerk's Office as per the PSA for the MSAC-2004-HE6 Trust.

41.     The PSA is the document that governs this trust. The MSAC-2004-HE6 Trust[13] operates in the State of New York, and New York State Law requires strict compliance and

---

[13] See **Exhibit F-1**

adherence to the MSAC-2004-HE6 Trust documents. Any action by the MSAC-2004-HE6 Trust in contravention to the MSAC-2004-HE6 PSA is void under New York State Trust Law. As stated on page 106 of the Pooling and Servicing Agreement dated August 01, 2004 for the Morgan Stanley ABS Capital I Inc. Trust 2004-HE6 Trust[14]:

> Section 10.03 Governing Law.
>
> This Agreement Shall Be Construed In Accordance With And Governed By The Substantive Laws Of The State Of New York Applicable To Agreements Made And To Be Performed In The State Of New York And The Obligations, Rights And Remedies Of The Parties Hereto And The Certificateholders Shall Be Determined In Accordance With Such Laws.
>
> New York Trust Law:
>
> Chapter 17- B § 7-2.4 Act of trustee in contravention of trust If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void.
>
> New York Estates Powers and Trusts Law § 7-2.1
>
> (c) property must be registered in the name of the trustee for a particular trust in order for transfer to the trustee to be effective

42.     According to the PSA for the MSAC-2004-HE6 Trust[15], the transfer and sale of all Beneficial Interest of the King Deed of Trust to MSAC-2004-HE6 Trust should have been done on or before the Closing Date of the MSAC-2004-HE6 Trust which was August 25, 2004. These requirements from the PSA also mean the MSAC-2004-HE6 Trust is unable to have any other assets put into the MSAC-2004-HE6 Trust after the Closing Date.

43.     In order to exist, the MSAC-2004-HE6 Trust agreed to operate under the MSAC-2004-HE6 Trust PSA and all applicable Law. In order to for the King Mortgage Loan to be

---

[14] See *Id*.

[15] See *Id*.

transferred to the MSAC-2004-HE6 Trust, a chain of negotiations needed to occur. A direct transfer from the Original Lender, Accredited Home Lenders Inc., to the Trustee, Deutsche Bank National Trust Co., violates the terms and conditions under the MSAC-2004-HE6 Trust PSA, under New York State Trust Law governing the MSAC-2004-HE6 Trust, and is therefore void. These principles were recently confirmed in US District Court and New York Supreme Court and the California Supreme Court:

> "See *Wells Fargo Bank, N.A. v. Erobobo*, et al., 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013). In *Erobobo*, defendants argued that plaintiff (a REMIC trust) was not the owner of the note because plaintiff obtained the note and mortgage after the trust had closed in violation of the terms of the PSA governing the trust, rendering plaintiff's acquisition of the note void. *Id*. at *2. The Erobobo court held that under § 7-2.4, any conveyance in contravention of the PSA is void; this meant that acceptance of the note and mortgage by the trustee after the date the trust closed rendered the transfer void. Id at 8. Based on the *Erobobo* decision and the plain language of N.Y. Est. Powers & Trusts Law § 7-2.4, the Court finds that under New York law, assignment of the Saldivars' Note after the start up day is void ab initio"

44.     All of this is knowledge held by the Defendants, yet they make the material misrepresentations they hold a valid interest and knew it was not true as they have violated the terms of the PSA and yet made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation and now the Plaintiffs stand to lose their home. Defendants have committed common law fraud.

45.     **Violations of Texas Finance Code § 392.403 of Texas Debt Collection Practices Act -- Civil Remedies; 392.01(a)(8); 392.303; 392.304(a)(8):** Defendants DEUTSCHE, AHL, Select, and Black are in violation of the Texas Debt Collection Practices Act (TDCPA) in that they allowed and authorized a third party debt collector to violate the TDCPA

despite the fact that Defendant DEUTSCHE has no standing or authority to collect the indebtedness evidenced by the Note or to act on behalf of the holder and owner thereof.  By definition under the TDCPA, Defendant McCarthy is a debt collector and can bring a legal action in their name only[16].

46.    Defendant McCarthy cannot claim attorney immunity from the TDCPA applying to their firm. The Supreme Court of the United States has stated the Federal Fair Debt Collection Practices Act (FDCPA) must be read to apply to lawyers engaged in consumer debt-collection litigation for two rather strong reasons. First, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings meets the Act's definition of "debt collector": one who "regularly collects or attempts to collect, directly or indirectly, [consumer] debts owed ... another," 15 U.S.C. § 1692a(6). Second, although an earlier version of that definition expressly excluded "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client," Congress repealed this exemption in 1986 without creating a narrower, litigation-related, exemption to fill the void. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

47.    The TDPCA follows the Federal act and states "Third-party debt collector" means a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who:(A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts. Tex. Fin. Code Ann. § 392.001. Plaintiffs believe that nonattorney employees for Defendant

---

[16] See **Exhibit C**

McCarthy have been the source of contact via letters and phone calls to collect the debt and wish the opportunity to conduct discovery to obtain the documentation to support this claim.

48.     Because Defendant McCarthy may be considered a debt collector under the TDCPA, Defendants may be liable for Deceptive Trade Practices Act ("DTPA") claims. A violation by a debt collector of the TDCPA may be a violation of the DTPA under Tex. Fin. Code §392.304(a)(8) and § 392.304(a)(19), both of which deal with deceptive trade practices in the collection of debts by debt collectors. Thus, a proper pleading of the TDCPA claim, including facts that establish the violations of the debt collector, allows the pleading of a DTPA claim.

49.     As debt collectors, Defendant McCarthy cannot be both debt collectors and also attorneys moving on behalf of a third party. The legal action has to be brought in their name and not the name of a third party.  A broken chain of assignments renders the "Deed of Trust" void and unenforceable under UCC 3-201, 3-204 & 3-302 (which has been adopted and codified into law as the Texas Business and Commerce Code) and as such no triggering of the foreclosure clause in the "Deed of Trust" is possible.  Defendant DEUTSCHE instructed and allowed a Debt Collector to violate the TDCPA.

50.     **Texas Deceptive Trade Practices Act Violations:** Defendants by representing to Plaintiffs that it had the power to foreclose and that it was the holder in due course of the Note and entitled to actual payment caused Plaintiffs harm. Furthermore, Defendants DEUTSCHE making deliberate and intentional misrepresentations to Plaintiffs concerning a possible refinance has caused Plaintiffs actual harm because the Plaintiffs relied upon the misrepresentations to their detriment. By failing to record the appropriate filings Defendants AHL, MERS, RC, Keri, DEUTSCHE and Black, under Texas law, breached their duty of absolute impartiality and

fairness and breached the common-law duty of good faith and fair dealing, giving rise to violations of Deceptive Trade Practices-Consumer Protection Act (DTPA) and causing the Plaintiffs harm. *Tucker v. State Farm Fire and Cas. Co.*, S.D.Tex.1997, 981 F.Supp. 461; Tex. Prop. Code Ann. § 51.002. Because Defendant McCarthy may be considered a debt collector under the Texas FDCPA, Defendants are liable for Deceptive Trade Practices Act ("DTPA") claims. A violation by a debt collector of the Texas FDCPA may be a violation of the DTPA under Tex. Fin. Code §392.304(a)(8) and §392.304(a)(19), both of which deal with deceptive trade practices in the collection of debts by debt collectors.

51.     **Violations of Consumer Credit Protection Act Title 15 USC Chapter 41§ 1641(g)**: Title 15 USC Chapter 41 § 1641(g) states that in addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of interest in the debt is recorded; and
(E) any other relevant information regarding the new creditor.

52.     Under the Consumer Credit Protection Act Title 15 USC Chapter 41 § 1641(g): any transfers of the King Mortgage Loan to multiple classes of the MSAC-2004-HE6 Trust would be in violation of Federal Statute, if those transfers had not been recorded in the Official Records of the Hays County Clerk's Office within 30 days along with notification of Val & Lacy King that the transfers had occurred. As there are no recorded assignments of the King Deed of Trust to multiple classes of the MSAC-2004-HE6 Trust within 30 days of March 22, 2004, either there has been a violation of Federal Law or multiple classes of the MSAC-2004-HE6 Trust, who

are the owners of the King Intangible Obligation, are not the owners of either the King Note or the King Deed of Trust.[17] Defendants have not followed the Federal Law as it applies and caused the Plaintiffs harm.

## VII. PLAINTIFFS' DEMAND FOR JURY TRIAL

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE Plaintiffs asks for the following for each Cause of Action sustained:

1. For injunctive relief prohibiting Defendants or their agents from going forward with the foreclosure.

2. Compensatory Damages in an amount to be determined by proof at trial.

3. For Special Damages in an amount to be determined by proof at trial.

4. For General Damages in an amount to be determined by proof at trial.

5. For Treble Damages in an amount to be determined by proof at trial.

6. For Punitive Damages as against the individual Defendants.

7. For Declaratory Relief, including a declaration that I am the prevailing party.

8. For a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution.

9. For Quiet Title.

10. For any prejudgment or other interest according to law.

11. Any other and further relief that the Court considers just and proper.

Plaintiffs further requests all other relief to which Plaintiffs is entitled.

---

[17] See Page 17 of **Exhibit G-2**

Respectfully submitted,

THE KELLY LEGAL GROUP, PLLC
P.O. BOX 2125
Austin, Texas 78768-2125
512-505-0053 tel
512-505-0054 fax
jkelly@kellylegalgroup.com

By:    _____
       Jeffrey S. Kelly
       State Bar No. 24043749
       Keith S. McMahon
       State Bar No. 24060992
       **ATTORNEYS FOR PLAINTIFFS**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have filed the foregoing via the CM/ECF filing system, which should send a copy of such filing to all parties in this matter of May 6, 2015.


_____
Jeffrey S. Kelly